IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| EMAD EMILE DIDES, | ) | |
| Appellant, *pro se*, | ) | Civil Action No. 25-cv-00459-LKG |
| v. | ) | Dated:  November 12, 2025 |
| CALVERT COUNTY, MARYLAND, *et al.*, | ) | |
| Appellees. | ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this bankruptcy appeal, the Appellant *pro se*, Emad Emile Dides, seeks to appeal the United States Bankruptcy Court for the District of Maryland's (the "Bankruptcy Court") Order granting Appellee Calvert County, Maryland's motion to confirm inapplicability of the automatic stay, dated September 18, 2024 (Bankruptcy Docket ECF No. 163).  ECF Nos. 1, 5 and 16.  Appellee Calvert County, Maryland has moved to dismiss this appeal as untimely and Appellee Roger Schlossberg joins this motion.  ECF Nos. 9 and 13.  The Appellant has also moved for a stay of the Bankruptcy Court's Judgment.  ECF No. 14.  These motions are fully briefed.  ECF Nos. 9, 9-1, 11, 13, 14, 15, 16 and 17.  No hearing is necessary to resolve the motions.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Appellees' motion to dismiss (ECF No. 9); (2) **DENIES-as-MOOT** the Appellant's motion requesting a stay of the Bankruptcy Court's judgment (ECF No. 14); and (3) **DISMISSES** this bankruptcy appeal.

**II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 11, 2025, the Appellant noticed an appeal from the Bankruptcy Court regarding the Bankruptcy Court's September 18, 2024, Order granting Appellee Calvert County, Maryland's motion to confirm inapplicability of the automatic stay re: 1395 Gregg drive, Lusby Maryland.  ECF No. 1.  On March 10, 2025, the Appellant filed a brief in support of his appeal.  ECF No. 5.

On April 23, 2025, Appellee Calvert County, Maryland filed a motion to dismiss this appeal, which Appellee Schlossberg joined. ECF Nos. 9 and 13. On May 22, 2025, the Appellant filed a response in opposition to the Appellees' motion to dismiss. ECF No. 16. On May 29, 2025, Appellee Calvert County, Maryland filed a reply brief. ECF No. 17.

Thereafter, the Appellant filed a motion requesting a stay of the Bankruptcy Court's Judgment on May 6, 2025. ECF No. 14. On May 20, 2025, Appellee Schlossberg filed a response in opposition to the Appellant's motion for a stay. ECF No. 15.

The parties' motions having been fully briefed, the Court resolves the pending motions.

### III. LEGAL STANDARDS

#### A. Fed. R. Bankr. P. 8002

A notice of appeal of an order entered in a bankruptcy court "must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). "The timely filing of a notice of appeal pursuant to Rule 8002 is jurisdictional." *In re Myers*, No. 20-2309, 2024 WL 2764717, at *1 (4th Cir. May 30, 2024) (citing *In re Berman-Smith*, 737 F.3d 997, 1002 (5th Cir. 2013)).

#### B. Pro Se Litigants

The Appellant *pro se* is proceeding in this bankruptcy matter without the assistance of counsel. And so, the Court must construe his filings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

### IV. ANALYSIS

The Appellees have moved to dismiss this bankruptcy appeal upon the following five grounds: (1) the appeal is untimely; (2) the Appellant has not paid the fee as required by Fed. R. Bankr. P. 8003(a)(3)(C); (3) the Appellant has not filed a designation of items to be included on the record on appeal as required by Fed. R. Bankr. P. 8009(a)(1); (4) the Appellant has neither ordered a transcript nor filed with the bankruptcy clerk a certificate stating that he is not ordering a transcript, as required by Fed. R. Bankr. P. 8009(b)(1); and (5) the Appellant's opening brief does not satisfy the requirements set forth in Fed. R. Bankr. P. 8014(a). ECF No. 9 at ¶¶ 8-12. And so, the Appellees request that the Court dismiss this matter. ECF Nos. 9 and 13.

The Appellant is proceeding *pro se*, without the assistance of counsel, and his response to the Appellees' motion is difficult to follow. But the Appellant generally argues that the Court should not dismiss this matter, because, among other things, he has paid the Court's filing fee.

2

ECF No. 16. And so, the Appellant requests that the Court deny the Appellees' motion to dismiss. *Id.* at 1.

For the reasons that follow, this bankruptcy appeal is untimely under Fed. R. Bankr. P. 8002(a)(1). And so, the Court: (1) GRANTS the Appellees' motion to dismiss (ECF No. 9); (2) DENIES-as-MOOT the Appellant's motion requesting a stay of the Bankruptcy Court's Judgment (ECF No. 14); and (3) DISMISSES this bankruptcy appeal.

### A. This Bankruptcy Appeal Is Untimely

As an initial matter, the Appellees persuasively argue that the Court must dismiss this bankruptcy appeal, because it is untimely. A notice of appeal of an order entered by the Bankruptcy Court "must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). In this regard, the Fourth Circuit has recognized that "[t]he timely filing of a notice of appeal pursuant to Rule 8002 is jurisdictional." *In re Myers*, 2024 WL 2764717, at * 1 (citing *In re Berman-Smith*, 737 F.3d at 1002). And so, the Court must dismiss as untimely an appeal of a Bankruptcy Court order that is filed more than 14 days after the order was entered. *See id.*

In this case, the Appellant filed his notice of appeal of the Bankruptcy Court's September 18, 2024, Order on February 11, 2025. The date of this filing is more than 14 days after the date on which this Order was entered. Given this, the Appellant's bankruptcy appeal is clearly untimely.[1] And so, the Court must DISMISS this appeal. *See In re Myers*, 2024 WL 2764717, at * 1 (citing *In re Berman-Smith*, 737 F.3d at 1002).

Because the Court has determined that it must dismiss this appeal, the Court also DENIES-as-MOOT the Appellant's motion requesting a stay of the Bankruptcy Court's Judgment (ECF No. 14).

### V. CONCLUSION

For the foregoing reasons, the Court:

    (1) **GRANTS** the Appellees' motion to dismiss (ECF No. 9);

    (2) **DENIES-as-MOOT** the Appellant's motion requesting a stay of the

---

[1] To the extent that the Appellant's notice of appeal can be construed to appeal the Bankruptcy Court's December 20, 2024, Order granting request for administrative expense claim and/or January 7, 2025, Order denying the Appellant's motion for reconsideration, this appeal is also untimely because the notice of appeal was filed more than 14 days after the entry of those Orders by the Bankruptcy Court. *See* ECF Nos. 1-1 and 1-2.

3

        Bankruptcy Court's Judgment (ECF No. 14); and

        (3) **DISMISSES** this bankruptcy appeal.

A separate Order shall issue.

**IT IS SO ORDERED.**

                                            <u>s/ Lydia Kay Griggsby</u>
                                            LYDIA KAY GRIGGSBY
                                            United States District Judge